Appeal Docket No. 14-41458

IN THE UNITED STATES
COURT OF APPEALS FOR THE FIFTH CIRCUIT

MARCUS HARRELSON,

Plaintiff-Appellant,

v.

LUFKIN INDUSTRIES, INC.,
Defendant-Appellee.

On Appeal from the United States District Court for
the Eastern District of Texas, Lufkin
(CASE NO. 9:13-cv-111-USDC)

---

RECORD EXCERPTS
TO BRIEF FOR APPELLANT

---

Charles R. Dendy
Attorney at Law
109 N. Second Street
Lufkin, TX 75901
Phone (936) 639-2388
Fax (936) 639-2370
cdendy-attorney@consolidated.net

## TABLE OF CONTENTS

*Tab*

DOCKET SHEET.................................................. …………………………………A

NOTICE OF APPEAL............................................................................................B

DISTRICT COURT'S ORDER GRANTING DEFENDANT'S MOTION

  FOR SUMMARY JUDGMENT ..........................................................................C

IN THE UNITED STATES
COURT OF APPEALS FOR THE FIFTH CIRCUIT

MARCUS HARRELSON               §
             Plaintiff/Appellant      §
                              §
v.                                 §      CASE NO. 14-41458
                              §
LUFKIN INDUSTRIES, INC.      §
             Defendant/Appellee      §

CERTIFICATE OF SERVICE

I hereby certify that on March 16, 2015, the foregoing was filed electronically with the Clerk of the Court using the ECF system.

Respectfully submitted,

Charles R. Dendy
Attorney at Law
109 North Second Street
Lufkin, TX  75901
(936) 639-2388
Fax:  (936) 639-2370
E-mail:  cdendy-attorney@consolidated.net

By:/s/ Charles R. Dendy
    Charles R. Dendy
    State Bar No. 05737700
    Attorney for Plaintiffs/Appellants

**TAB A**

APPEAL,JURY

# U.S. District Court [LIVE]
## Eastern District of TEXAS (Lufkin)
## CIVIL DOCKET FOR CASE #: 9:13-cv-00111-RC

Harrelson v. Lufkin Industries Inc
Assigned to: Judge Ron Clark
Cause: 29:2601 Family and Medical Leave Act

Date Filed: 05/28/2013
Date Terminated: 12/01/2014
Jury Demand: Both
Nature of Suit: 790 Labor: Other
Jurisdiction: Federal Question

**Mediator**

**Gordon Randall Akin**

**Plaintiff**

**Marcus Ray Harrelson**      represented by   **Charles R Dendy**
Attorney at Law
109 N 2nd
Lufkin, TX 75901
936/639-2388
Fax: 19366392370
Email: cdendy-
attorney@consolidated.net
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Lufkin Industries Inc**      represented by   **Scott Coleman Skelton**
Skelton Slusher Barnhill Watkins Wells
PLLC
1616 South Chestnut
Lufkin, TX 75901
936/632-3381
Fax: 19366326545
Email: sskelton@skeltonslusher.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Erika Leigh Neill**
Alderman & Cain, PLLC
P O Box 153237
1616 S. Chestnut
Lufkin, Tx 75915-3237
936-633-4209
Fax: 936-632-3316
Email: eneill@aldermancainlaw.com

*TERMINATED: 03/18/2014*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/28/2013 | 1 | COMPLAINT against Lufkin Industries Inc ( Filing fee $ 400 receipt number 0540-4155679.), filed by Marcus Ray Harrelson. (Attachments: # 1 Civil Cover Sheet)(Dendy, Charles) (Attachment 1 replaced on 1/28/2015) (pad, ). (Entered: 05/28/2013) |
| 05/28/2013 | | Case Assigned to Judge Ron Clark. (ljw, ) (Entered: 05/29/2013) |
| 05/29/2013 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form *Consent to Proceed Before Magistrate Judge* is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice of Consent to Proceed Before Magistrate Judge*. (ljw, ) (Entered: 05/29/2013) |
| 05/29/2013 | 2 | SUMMONS Issued as to Lufkin Industries Inc. and emailed back to Attorney of Record for service. (ljw, ) (Entered: 05/29/2013) |
| 06/17/2013 | 3 | ***FILED IN ERROR. PLEASE IGNORE.*** ANSWER to 1 Complaint by Lufkin Industries Inc.(Skelton, Scott) Modified on 6/18/2013 (bjc, ). (Entered: 06/17/2013) |
| 06/17/2013 | 4 | ***FILED IN ERROR. PLEASE IGNORE.*** DEMAND for Trial by Jury by Lufkin Industries Inc. (Skelton, Scott) Modified on 6/18/2013 (bjc, ). (Entered: 06/17/2013) |
| 06/17/2013 | 5 | CORPORATE DISCLOSURE STATEMENT filed by Lufkin Industries Inc (Skelton, Scott) (Entered: 06/17/2013) |
| 06/17/2013 | 6 | *ORIGINAL* ANSWER to 1 Complaint by Lufkin Industries Inc.(Skelton, Scott) (Entered: 06/17/2013) |
| 06/17/2013 | | ***FILED IN ERROR. Document # 3, answer to complaint and Document # 4 jury demand. Docketed in incorrect case and pleading not signed. PLEASE IGNORE.*** (bjc, ) (Entered: 06/18/2013) |
| 06/18/2013 | | In accordance with the provisions of 28 USC Section 636(c), you are hereby notified that a U.S. Magistrate Judge of this district court is available to conduct any or all proceedings in this case including a jury or non-jury trial and to order the entry of a final judgment. The form *Consent to Proceed Before Magistrate Judge* is available on our website. All signed consent forms, excluding pro se parties, should be filed electronically using the event *Notice of Consent to Proceed Before Magistrate Judge*. (bjc, ) (Entered: 06/18/2013) |
| 06/18/2013 | 7 | DEMAND for Trial by Jury by Lufkin Industries Inc. (Skelton, Scott) (Entered: 06/18/2013) |

| 06/19/2013 | 8 | ORDER governing proceedings. Rule 26(f) conference must occur by 7/9/2013. Rule 16 Management Conference set for 9/12/2013 10:30 AM in Ctrm 2 (Beaumont) before Judge Ron Clark. Signed by Judge Ron Clark on 6/19/2013. (bjc, ) (Entered: 06/19/2013) |
| 08/05/2013 | 9 | Joint MOTION for Extension of Time to File *Initial Mandatory Disclosures* by Marcus Ray Harrelson, Lufkin Industries Inc. (Attachments: # 1 Text of Proposed Order)(Skelton, Scott) (Entered: 08/05/2013) |
| 08/09/2013 | 10 | ORDER granting 9 parties' Joint Motion for Extension of Time to Complete Initial Mandatory Disclosures. The parties are directed to make their initial mandatory disclosures, as required by the Order Governing Proceedings, by August 20, 2013. Signed by Judge Ron Clark on 8/9/13. (ljw, ) (Entered: 08/12/2013) |
| 08/12/2013 | 11 | NOTICE of Attorney Appearance by Erika Leigh Neill on behalf of Lufkin Industries Inc (Neill, Erika) (Entered: 08/12/2013) |
| 08/12/2013 | 12 | REPORT of Rule 26(f) Planning Meeting. (Attachments: # 1 Text of Proposed Order Proposed Scheduling Order)(Skelton, Scott) (Entered: 08/12/2013) |
| 08/19/2013 | 13 | NOTICE of Discovery Disclosure by Marcus Ray Harrelson (Dendy, Charles) (Entered: 08/19/2013) |
| 08/20/2013 | 14 | NOTICE of Discovery Disclosure by Lufkin Industries Inc *(Initial Mandatory Disclosure Pursuant to Rule 26(a)(1)* (Skelton, Scott) (Entered: 08/20/2013) |
| 09/05/2013 | 15 | SCHEDULING ORDER: **THE CASE MANAGEMENT CONFERENCE SCHEDULED FOR SEPTEMBER 12, 2013 IS CANCELLED.** Docket Call and Final Pretrial Conference is set for 6/19/2014 at 1:30 PM in Ctrm 13 (Lufkin) vis Video Conference before Judge Ron Clark. Jury Selection and Trial are set for 6/30/2014 at 10:30 AM in Ctrm 102 (Lufkin) before Judge Ron Clark. Signed by Judge Ron Clark on 9/5/13. (ljw, ) (Entered: 09/05/2013) |
| 09/25/2013 | 16 | CORPORATE DISCLOSURE STATEMENT filed by Lufkin Industries Inc (Skelton, Scott) (Entered: 09/25/2013) |
| 10/29/2013 |  | NOTICE of Hearing: Final Pretrial Conference RESET for 6/23/2014 01:30 PM in Ctrm 13 (Lufkin) before Judge Ron Clark. Jury Selection and Trial RESET for 7/7/2014 10:30 AM in Ctrm 102 (Lufkin) before Judge Ron Clark. (fal, ) (Entered: 10/29/2013) |
| 11/05/2013 | 17 | STIPULATION *(Plaintiff and Defendant's Rule 29 Stipulation)* by Marcus Ray Harrelson, Lufkin Industries Inc. (Skelton, Scott) (Entered: 11/05/2013) |
| 11/19/2013 | 18 | *FIRST AMENDED* ANSWER to 1 Complaint by Lufkin Industries Inc.(Skelton, Scott) (Entered: 11/19/2013) |
| 12/09/2013 | 19 | NOTICE by Lufkin Industries Inc *of Designation of Expert Witnesses* (Skelton, Scott) (Entered: 12/09/2013) |
| 12/16/2013 | 20 | Joint MOTION for Extension of Time to Complete Discovery *(Extend Mediation Deadline)* by Lufkin Industries Inc. (Attachments: # 1 Text of Proposed Order) (Skelton, Scott) (Entered: 12/16/2013) |

| 12/18/2013 | 21 | ORDER granting 20 parties' Joint Motion to Extend Mediation Deadline. The parties' deadline to complete mediation is extended to March 28, 2014, but, if the parties mutually agree, mediation may be completed after this date. Signed by Judge Ron Clark on 12/18/13. (ljw, ) (Entered: 12/19/2013) |
|---|---|---|
| 12/31/2013 | 22 | NOTICE of Discovery Disclosure by Lufkin Industries Inc *(Supplement to Initial Mandatory Disclosure)* (Skelton, Scott) (Entered: 12/31/2013) |
| 01/31/2014 | 23 | Joint MOTION Extend Scheduling Order Deadlines by Lufkin Industries Inc. (Attachments: # 1 Text of Proposed Order)(Skelton, Scott) (Entered: 01/31/2014) |
| 02/10/2014 | 24 | ORDER granting 23 parties' Joint Motion to Extend Scheduling Order Deadlines. Signed by Judge Ron Clark on 2/8/14. (ljw, ) (Entered: 02/10/2014) |
| 02/28/2014 | 25 | Unopposed MOTION for Leave to File *Defendant's Motion for Summary Judgment* by Lufkin Industries Inc. (Attachments: # 1 Text of Proposed Order) (Skelton, Scott) (Entered: 02/28/2014) |
| 02/28/2014 | 26 | MOTION for Summary Judgment by Lufkin Industries Inc. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Text of Proposed Order)(Skelton, Scott) (Entered: 02/28/2014) |
| 02/28/2014 | 27 | Joint MOTION to Continue *and Enter New Scheduling Order or, in the Alternative, Extend Deadlines* by Lufkin Industries Inc. (Attachments: # 1 Text of Proposed Order)(Skelton, Scott) (Entered: 02/28/2014) |
| 02/28/2014 | 28 | ORDER granting 25 Defendant's Unopposed Motion for Leave to File Defendant's Motion for Summary Judgment. Signed by Judge Ron Clark on 2/28/14. (ljw, ) (Entered: 02/28/2014) |
| 03/04/2014 | 29 | ORDER granting 27 Joint MOTION to Continue and Enter New Scheduling Order or, in the Alternative, Extend Deadlines filed by Lufkin Industries Inc.. Final Pre-Trial and Docket Call are reset for 11/6/2014 at 1:30 PM via video conference (Lufkin) before Judge Ron Clark. Jury Selection and Trial are reset for 11/17/2014 at 10:30 AM in Ctrm 102 (Lufkin) before Judge Ron Clark. Signed by Judge Ron Clark on 3/4/14. (ljw, ) (Entered: 03/04/2014) |
| 03/04/2014 | | NOTICE of Hearing: Jury Selection and Trial RESET for 11/10/2014 10:30 AM in Ctrm 102 (Lufkin) before Judge Ron Clark. (fal, ) (Entered: 03/04/2014) |
| 03/12/2014 | 30 | Agreed MOTION for Extension of Time to File Response/Reply as to 26 MOTION for Summary Judgment by Marcus Ray Harrelson. (Attachments: # 1 Text of Proposed Order)(Dendy, Charles) (Entered: 03/12/2014) |
| 03/17/2014 | 31 | ORDER granting 30 Plaintiff's Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment. Responses due by 3/31/2014. Signed by Judge Ron Clark on 3/15/14. (ljw, ) (Entered: 03/17/2014) |
| 03/17/2014 | 32 | Unopposed MOTION to Withdraw *as Additional Counsel* by Lufkin Industries Inc. (Attachments: # 1 Text of Proposed Order)(Neill, Erika) (Entered: 03/17/2014) |
| 03/18/2014 | 33 | ORDER granting 32 Motion to Withdraw as Additional Counsel. Ms. Neill is permitted to withdraw as counsel. Signed by Judge Ron Clark on 3/18/14. (ljw, ) (Entered: 03/18/2014) |

| 03/28/2014 | 34 | Agreed MOTION for Extension of Time to File Response/Reply as to 26 MOTION for Summary Judgment by Marcus Ray Harrelson. (Attachments: # 1 Text of Proposed Order)(Dendy, Charles) (Entered: 03/28/2014) |
|---|---|---|
| 03/28/2014 | 35 | ORDER granting 34 Plaintiff's Motion for Extension of Time to File Response to Defendant's Motion for Summary Judgment. Plaintiff is directed to file any response to Defendant's motion by April 4, 2014. Signed by Judge Ron Clark on 3/28/14. (ljw, ) (Entered: 03/28/2014) |
| 04/04/2014 | 36 | RESPONSE to Motion re 26 MOTION for Summary Judgment *filed by Marcus Ray Harrelson.* (Attachments: # 1 Exhibit A, # 2 Text of Proposed Order) (Dendy, Charles) (Entered: 04/04/2014) |
| 04/10/2014 | 37 | ADDITIONAL document 2 of Exhibit B to be filed with Defendant's 26 MOTION for Summary Judgment *which was inadvertently left out filed by Lufkin Industries Inc.* (Attachments: # 1 Page 2 of Exhibit B)(Skelton, Scott) Modified on 4/10/2014 (bjc, ). (Entered: 04/10/2014) |
| 04/14/2014 | 38 | REPLY to Response to Motion re 26 MOTION for Summary Judgment *filed by Lufkin Industries Inc.* (Attachments: # 1 Exhibit - Pertinent portions of medical records of Dr. Saxton, # 2 Exhibit - Pertinent portions of medical records of Dr. Lewis, # 3 Exhibit - Pertinent portions of medical records of Dr. Ha, # 4 Exhibit - Affidavit of Duford, # 5 Exhibit - Excerpts of the Deposition of Dr. Saxton) (Skelton, Scott) (Entered: 04/14/2014) |
| 05/05/2014 | 39 | NOTICE of Discovery Disclosure by Lufkin Industries Inc *Second Supplemental* (Skelton, Scott) (Entered: 05/05/2014) |
| 08/13/2014 | 40 | ORDER that by September 26, 2014, at 4:00 p.m., the parties shall each submit to the court an estimate of the time that party needs to complete the presentation of testimony in this case. Signed by Judge Ron Clark on 8/13/14. (ljw, ) (Entered: 08/14/2014) |
| 08/28/2014 | 41 | NOTICE of Discovery Disclosure by Lufkin Industries Inc *3rd Supplemental Disclosure* (Skelton, Scott) (Entered: 08/28/2014) |
| 09/05/2014 | | NOTICE of Hearing: Final Pretrial Conference RESET for 11/10/2014 01:30 PM in Ctrm 2 (Beaumont) before Judge Ron Clark. Jury Selection and Jury Trial RESET for 11/17/2014 10:30 AM in Ctrm 102 (Lufkin) before Judge Ron Clark. (bmo, ) (Entered: 09/05/2014) |
| 09/10/2014 | 42 | NOTICE by Lufkin Industries Inc *of Intent to Offer Certified and Business Records* (Skelton, Scott) (Entered: 09/10/2014) |
| 09/23/2014 | 43 | REPORT of Mediation by Gordon Randall Akin. Mediation result: impasse(Akin, Gordon) (Entered: 09/23/2014) |
| 10/16/2014 | 44 | Proposed Pretrial Order *Joint* by Lufkin Industries Inc. (Skelton, Scott) (Entered: 10/16/2014) |
| 10/16/2014 | 45 | Proposed Jury Instructions by Lufkin Industries Inc. (Skelton, Scott) (Entered: 10/16/2014) |
| 10/16/2014 | 46 | MOTION in Limine by Lufkin Industries Inc. (Attachments: # 1 Text of Proposed Order)(Skelton, Scott) (Entered: 10/16/2014) |

| 10/20/2014 | 47 | ORDER ON LIMITATIONS OF TRIAL TIME. Plaintiff will be allowed 6 hours, whether used in direct examination or cross examination. Defendant will be allowed 6 hours, whether used in direct examination or cross examination. Signed by Judge Ron Clark on 10/20/14. (ljw, ) (Entered: 10/21/2014) |
|---|---|---|
| 11/17/2014 | 48 | ORDER granting 26 Motion for Summary Judgment. Signed by Judge Ron Clark on 11/15/14. (ljw, ) (Entered: 11/17/2014) |
| 12/01/2014 | 49 | FINAL JUDGMENT that Plaintiff Marcus Ray Harrelson shall TAKE NOTHING of and from his claims against Defendant Lufkin Industries, Inc. Costs are taxed to Plaintiff Marcus Ray Harrelson. All relief not specifically granted herein is DENIED. All pending motions are hereby DENIED AS MOOT. This is a final judgment, which disposes of all claims and causes of action, and is appealable. Signed by Judge Ron Clark on 12/1/14. (ljw, ) (Entered: 12/02/2014) |
| 12/29/2014 | 50 | NOTICE OF APPEAL as to 49 Judgment, by Marcus Ray Harrelson. Filing fee $ 505, receipt number 0540-4981580. Appeal Record due by 12/29/2014. (Dendy, Charles) (Entered: 12/29/2014) |
| 01/15/2015 | 51 | **PLEASE IGNORE, ATTORNEY TO REFILE** MOTION for Attorney Fees *& Costs* by Lufkin Industries Inc. (Attachments: # 1 Exhibit Affidavit, # 2 Exhibit Statement of Fees, # 3 Exhibit Statement of Costs, # 4 Text of Proposed Order)(Skelton, Scott) Modified on 1/16/2015 (ljw, ). (Entered: 01/15/2015) |
| 01/15/2015 | | NOTICE of Deficiency regarding the Motion for Attorney Fees 51 submitted by Lufkin Industries Inc. There is no certificate of conference. Correction should be made by 1 business day (ljw, ) (Entered: 01/16/2015) |
| 01/16/2015 | 52 | MOTION for Attorney Fees *and Costs* by Lufkin Industries Inc. (Attachments: # 1 Exhibit Affidavit of Scott Skelton, # 2 Exhibit Statement of Fees, # 3 Exhibit Statement of Costs, # 4 Text of Proposed Order)(Skelton, Scott) (Entered: 01/16/2015) |
| 02/02/2015 | | Certified and Electronically Transmitted Record on Appeal to US Court of Appeals re 50 Notice of Appeal (pad, ) (Entered: 02/02/2015) |
| 02/18/2015 | 53 | Agreed MOTION for Extension of Time to File Response/Reply as to 52 MOTION for Attorney Fees *and Costs* by Marcus Ray Harrelson. (Attachments: # 1 Text of Proposed Order)(Dendy, Charles) (Entered: 02/18/2015) |
| 02/18/2015 | 54 | ORDER granting 53 parties' Agreed Motion for Extension of Time to File Response to Defendant's Motion for Attorney's Fees. Plaintiff shall have until March 4, 2015 to respond. Signed by Judge Ron Clark on 2/18/15. (ljw, ) (Entered: 02/18/2015) |
| 03/04/2015 | 55 | RESPONSE in Opposition re 52 MOTION for Attorney Fees *and Costs filed by Marcus Ray Harrelson*. (Attachments: # 1 Text of Proposed Order)(Dendy, Charles) (Entered: 03/04/2015) |
| 03/10/2015 | 56 | MOTION for Extension of Time to File *Motion for Attorneys Fees and Costs* by Lufkin Industries Inc. (Attachments: # 1 Text of Proposed Order)(Skelton, Scott) (Entered: 03/10/2015) |

| 03/11/2015 | 57 | REPLY to Response to Motion re 52 Motion for Attorneys Fees and Costs *filed by Lufkin Industries Inc.* (Skelton, Scott) Modified on 3/11/2015 (bjc, ). (Entered: 03/11/2015) |

---

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 03/16/2015 08:46:41 | | | |
| **PACER Login:** | rayinewhite:4379128:0 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 9:13-cv-00111-RC |
| **Billable Pages:** | 5 | **Cost:** | 0.50 |

**TAB B**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION**

| | | |
|---|---|---|
| **MARCUS RAY HARRELSON,** | § | |
| *Plaintiff* | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 9:13-CV-111** |
| | § | |
| **LUFKIN INDUSTRIES, INC.,** | § | |
| *Defendant.* | § | |

**NOTICE OF APPEAL**

TO THE HONORABLE COURT:

Plaintiff, MARCUS RAY HARRELSON, gives notice of his appeal of the court's Final Judgment in Civil Action No. 9:13-cv-111 rendered on December 1, 2014, including all interlocutory and earlier orders that merged into that Final Judgment, to the Fifth Circuit Court of Appeals in New Orleans, Louisiana.  No transcript is required in this appeal because Summary Judgment was granted by the trial court.

Respectfully submitted,

Charles R. Dendy
Attorney at Law
109 North Second Street
Lufkin, TX  75901
(936) 639-2388
Fax:  (936) 639-2370
E-mail:  cdendy-attorney@consolidated.net

By: /s/ Charles R. Dendy
 Charles R. Dendy
 State Bar No. 05737700
 Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on this 29th day of December, 2014, the foregoing instrument was served through the District's e-filing system.

/s/Charles R. Dendy
Charles R. Dendy

**TAB C**

**NOT PRINTED FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MARCUS RAY HARRELSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | CIVIL ACTION No. 9-13-cv-111 |
| v. | § | |
| | § | JUDGE RON CLARK |
| LUFKIN INDUSTRIES, INC., | § | |
| | § | |
| *Defendant.* | § | |

<u>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**</u>

Defendant Lufkin Industries, Inc., has moved for summary judgment on Plaintiff Marcus

Harrelson's claims of interference and retaliation under 29 U.S.C. § 2615 of the Family and

Medical Leave Act.  (Dkt. 26).  Because the court finds that there is no genuine issue of material

fact as to whether Plaintiff failed to provide adequate notice to take FMLA leave and whether

Plaintiff's medical condition did not qualify as a "serious medical condition" under the FMLA,

the court grants Defendant's Motion for Summary Judgment.

**BACKGROUND**

The following facts are disputed, and therefore, the facts are examined in a light most

favorable to Plaintiff, the nonmoving party.  *Bellum v. PCE Constructors, Inc.*, 407 F.3d 734,

738 (5th Cir. 2005).

Plaintiff began working for Defendant in August of 2004.  Plaintiff has a chronic upper-

respiratory condition and was treated by Dr. James Saxton, who previously provided Plaintiff

with documentation when he missed work due to his condition.  Plaintiff was chronically absent

from work. Defendant advised Plaintiff that they would no longer accept Dr. Saxton's written

documentation as an excuse for missing work and that Plaintiff would need approved FMLA leave to excuse future absences.

On May 1, 2012, Plaintiff took the FMLA request form provided to him by Defendant to Dr. Saxton.  Plaintiff claims he believed Dr. Saxton completed the form correctly and returned the form to Defendant.  On the form, Dr. Saxton wrote the following:

**Part A.  Medical Facts:**
Approximate date condition began: **5-1-12**          Probable Duration: **5-3-12**

(Dkt. 26-3.).

From May 1, 2012, to May 2, 2012, Plaintiff took what he says he understood to be FMLA-approved leave.  For subsequent absences related to his condition, Plaintiff claims he called an unidentified supervisor and told that person that he was taking FMLA leave due to his condition.

On June 5, 2012, Plaintiff met with Nolan May and David Richards regarding absences on May 9 and 18, 2012.  At this meeting, Plaintiff told them that he had submitted the FMLA form signed by Dr. Saxton (which granted approval only from May 1, 2012 to May 2, 2012) and that his absences on May 9 and May 18 were FMLA-approved.  Plaintiff claims that May responded to Plaintiff that he did not know the status of Plaintiff's FMLA paperwork but that in the meantime, there was a computer-generated warning of unexcused absences that Plaintiff needed to sign.  Plaintiff states that May told him that things would later be corrected by Human Resources.  Plaintiff contends that he received no other written warnings issued regarding his absences on May 29, May 30, June 1, June 2, and June 3.

On June 11, 2012, Defendant terminated Plaintiff for missing work too many times.  Plaintiff claims that at that time, Plaintiff was told for the first time that his application for

FMLA leave that had been completed by Dr. Saxton was for two days only and that absences after May 2, 2012 were unexcused and not FMLA-approved.

Plaintiff told Defendant that he was sure Dr. Saxton had made a mistake and requested that he be allowed to take the form back to be corrected, to which Defendant agreed.  Plaintiff has asserted by affidavit that he obtained a corrected form from Dr. Saxton and that he called in to an unnamed supervisor to report that he was taking FMLA leave for the days he missed.  The form in the court's file is a copy.  Viewing facts in the light most favorable to Plaintiff, as the court must on review of a motion for summary judgment, it appears that the form was corrected to reflect "unknown" as to how long leave would be needed. Plaintiff returned the form to Defendant.  This form states,

> **Part A: Medical Facts:**
> Approximate date condition began:  **5-1-12**   Probable duration:  **Unknown**

(Dkt. 26-4).  But, the form included the following instructions:

> **Instructions to the Health Care Provider:** Your patient has indicated a need for leave under the FMLA.   Answer fully and completely ALL applicable parts. Your answers should be your best estimate based on your medical knowledge and experience.   **"Unknown" or "indeterminate" is not sufficient to determine FMLA coverage.**  Limit your responses to the condition for which the employee is seeking leave.   **Failure to provide sufficient information may cause the employee's FMLA request to be delayed or denied.**

(Dkt. 26-4) (emphasis added).  Defendant terminated Plaintiff.

## LEGAL STANDARD

A motion for summary judgment should be granted when, after considering the materials in the record, including pleadings, discovery, and affidavits, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

The movant has the burden of demonstrating that no material fact issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 256 (1986).  If the moving party meets this burden, then the non-moving party must set out affirmative evidence in order to defeat the summary judgment motion. *Id.* at 257.

Only a genuine dispute over a material fact—a fact that might affect the outcome of the suit under the governing substantive law—will preclude summary judgment. *Anderson*, 477 U.S. at 248.  The dispute is genuine if the evidence is such that a fact-finder, utilizing the proper evidentiary standard, could render a decision in the non-moving party's favor. *See id.* at 255.  In determining whether there is a genuine issue for trial, the court must view all facts and the inferences to be drawn from them in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  However, only reasonable inferences in favor of the nonmoving party can be drawn from the evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468 (1992).

## DISCUSSION

### A.  Interference Claim

To establish a prima facie interference case under the FMLA, a plaintiff must show that (1) he was an eligible employee; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to leave; (4) the plaintiff gave proper notice of his intention to take FMLA leave; and (5) the defendant denied the plaintiff the benefits to which she was entitled under the FMLA. *Lanier v. Univ. of Tex. Sw. Med. Ctr.*, 527 F. App'x 312, 316 (5th Cir. 2013).   Defendant disputes whether Plaintiff gave proper notice of his intention to take FMLA leave and whether Plaintiff was entitled to leave.

### 1. Plaintiff Did Not Provide Adequate Notice to Take Foreseeable FMLA Leave.

To take foreseeable FMLA leave, such as visits to the doctor for a diagnosed illness, an employee must provide the employer with "not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave . . . except that if the date of the treatment requires leave to begin in less than 30 days, the employee shall provide such notice as is practicable." 29 U.S.C. § 2612(e)(2)(b).  If an employee desires to take intermittent leave for FMLA reasons, the employee may not do so unless the employer comes to an agreement with the employee that intermittent leave is allowed.  29 U.S.C. § 2612(b)(1).  For an employee to take intermittent leave for a serious health condition, the leave must be medically necessary.  *Id.*

It is undisputed that Plaintiff's application for FMLA leave does not provide 30 days' notice of treatment.  Plaintiff left the application for leave with Defendant on or about May 4, 2012, and Defendant granted Plaintiff FMLA leave for May 1, 2012, and May 2, 2012.  It is also undisputed that Plaintiff's application for leave listed Plaintiff's medical condition as beginning on May 1, 2012 and lasting until May 3, 2012.  (Dkt. 26-4).  Plaintiff's application does not state when future doctor's visits would need to occur, at what interval doctor's visits would need to occur, or for how long the alleged serious condition would last.  *See Satterfield v. Wal-Mart Stores, Inc.*, 135 F.3d 973, 977 (5th Cir. 1998) ("The critical question is whether the information imparted to the employer is sufficient to reasonably apprise it of the employee's request to take time off for a serious health condition.").  Moreover, there is no evidence that Plaintiff and Defendant had any agreement to allow intermittent FMLA leave.   Therefore, Plaintiff did not provide adequate notice to take foreseeable FMLA leave.

### 2.   **Plaintiff Did Not Provide Adequate Notice to Take Unforeseeable FMLA Leave**.

To take unforeseeable FMLA leave, "an employee must provide notice to his employer as soon as practicable under the facts and circumstances of the particular case."   29 C.F.R. § 825.303(a).   As soon as practicable generally means that an employee should provide notice of unforeseeable leave "within the time prescribed by the employer's usual and customary notice requirements applicable to such leave."   *Id.*   "For example, an employer may require employees to call a designated number or a specific individual to request leave."   29 C.F.R. § 825.303(c).

Plaintiff claims that for each his absences after May 1 and May 2, he called an unidentified "supervisor" and told that person that he was taking FMLA leave.   In an affidavit, Human Resources Manager David Duford asserts,

> I am the Human Resource Manager of Lufkin Industries, Inc. ("Lufkin") and the usual and proper contact for all FMLA related issues that may arise for an employee of Lufkin.   Notice given to a general supervisor of an absence would not put me on notice that an employee's upcoming absences may need to be examined for FMLA qualification.   Any and all employees who seek leave under the FMLA are to contact me for assistance.

(Dkt. 38-4).   Plaintiff does not dispute these assertions, so the court accepts them as true.   *See* Fed. R. Civ. P. 56.   Plaintiff's evidence that he called in and told an unnamed supervisor, who may not even be his own supervisor, rather than Duford, that he was taking FMLA leave, Plaintiff does not raise a fact issue about whether he gave adequate notice to take foreseeable FMLA leave.

### 3.   **Plaintiff's Medical Condition Does Not Qualify Plaintiff for FMLA Leave.**

Plaintiff has not raised a material issue of fact as to whether his alleged medical condition constitutes a "serious health condition" as defined by the FMLA.   A serious health condition is "an illness, injury, impairment, or physical or mental condition that involves—(A) inpatient care in a hospital, hospice, or residential medical care facility; or (B) continuing treatment by a health

care provider." 29 U.S.C. § 2611(11).  Plaintiff has failed to provide evidence of continuing

treatment by a health care provider, as defined under 29 C.F.R. § 825.115, such as (1) a period of

incapacity of more than three consecutive, full calendar days, with continuing treatment by a

healthcare provider, as described in 29 C.F.R. § 825.115(a); (2) a chronic condition as defined

under 29 C.F.R. § 825.115(b); (3) a permanent or long-term condition as described under 29

C.F.R. § 825.115(d); or (4) a condition requiring multiple treatments such as restorative surgery,

cancer, severe arthritis, or kidney disease, as described under 29 C.F.R. § 825.115(e).  Therefore,

Plaintiff's condition does not qualify Plaintiff for FMLA leave.  Because there is no genuine

issue of material fact as to Plaintiff's claim of interference under the FMLA, Defendant is

entitled to summary judgment on this claim.

## B. Retaliation Claim

To establish a prima facie retaliation case under the FMLA, a plaintiff must show that (1)

he was protected under the FMLA; (2) he suffered an adverse employment action; and (3) the

adverse employment action was taken because he sought protection under the FMLA.  *Ion v.*

*Chevron USA, Inc.*, 731 F.3d 379, 390 (5th Cir. 2013).

Defendant disputes whether Plaintiff is protected under the FMLA.  As discussed above,

Plaintiff did not provide adequate notice and did not provide evidence of his serious health

condition.  Therefore, Plaintiff is not protected under the FMLA.

Assuming that Plaintiff established a prima facie case of retaliation under the FMLA,

Plaintiff has made no showing that Defendant's reason for his termination (unexcused absences)

was pretextual.  Under the traditional burden-shifting framework, once Defendant offers a

legitimate, non-retaliatory reason for his termination, Plaintiff must show that the reason is

pretextual.  *Hunt v. Rapides Healthcare Sys., LLC*, 277 F.3d 757, 768 (5th Cir. 2001). Article 30

of Defendant's Master Agreement states that once an employee has more than six unpaid, unauthorized absences within a calendar year, the employee will receive a written warning for the next five absences (absences 7 through 11), a final warning for the twelfth absence, and will be terminated upon the thirteenth.  (Dkt. 37-1).  Pursuant to this Agreement, Plaintiff was terminated on his thirteenth unpaid, unauthorized absence within a calendar year.[1]  Plaintiff offers no evidence to show that this reason is merely pretext.  Therefore, the court finds that there is no genuine issue of material fact as to Plaintiff's claim of retaliation.  Defendant is entitled to summary judgment on this claim.

## CONCLUSION

For the foregoing reasons, IT IS ORDERED THAT Defendant's Motion for Summary Judgment (Dkt. 26) is GRANTED.

**So ordered and signed on**

**Nov 15, 2014**

_____

Ron Clark, United States District Judge

---

[1] Although Plaintiff contends that he did not receive written notices or warnings for each of his unauthorized absences, this issue of fact is not material to Plaintiff's claims.  "A company's failure to follow internal procedures is generally not enough to create a genuine issue of material fact as to discriminatory motives."  *Grubbs v. SW Airlines*, 296 F. App'x 383, 390 (5th Cir. 2008).